IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CASE NO. 2:21-cr-275-RAH |
| ) | |
| JOHNNIE PAGE LOTT and ) | |
| CARMEN BROOKE LOTT ) | |

**ORDER**

Defendants Johnnie Page Lott and Carmen Brooke Lott were charged on June 8, 2021, in an indictment with conspiracy to money launder in violation of 18 U.S.C. § 1956(h). Mr. Lott was also charged with conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. § 846. On October 6, 2021, the Lotts filed motions to suppress. (Docs. 49 & 50.) The Lotts contend that all evidence seized and statements made as the result of the search of the residence at 2661 Dawes Court in Mobile, Alabama, should be suppressed because the search violated the Fourth Amendment to the United States Constitution. All their challenges to the search relate to the sufficiency of the affidavit submitted in support of the search warrant.

Without conducting an evidentiary hearing, the Magistrate Judge recommended the Court deny the motions to suppress. (Doc. 67.) On January 4, 2022, the defendants filed objections (Docs. 73 & 74) to the Magistrate Judge's

Recommendation (Doc. 67). Upon an independent and de novo review of the record, including the 45-page affidavit, and for the reasons that follow, the Court concludes that the Objections are due to be OVERRULED and the motions to suppress are due to be DENIED,

## I. STANDARD OF REVIEW

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions of the Recommendation *de novo*. 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify the recommendation; receive further evidence; or resubmit the matter to the magistrate judge with instructions." FED.R.CRIM.P. 59(b)(3). De novo review requires the district court to independently consider factual issues based on the record. *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990).

## II. DISCUSSION

The Magistrate Judge provided a thorough recitation of the facts in her Recommendation. Consequently, a summary of the facts related to the motions to suppress is not necessary, as the Court adopts the Magistrate Judge's findings of facts as set forth in the Recommendation.

**A. Carmen Lott's Objections**

1. <u>The Recorded Calls</u>

Ms. Lott objects to the Magistrate Judge's conclusion that the facts as alleged in Agent James Ranson's affidavit were sufficient to establish a connection between herself and the residence and that these facts established probable cause to search the house.

First, Ms. Lott argues the affidavit does not sufficiently establish a connection between herself and the residence. She contends that the allegation that her mobile phone was registered to the address provides only the "thinnest connection, as it may be used at any location, and the address of the subscriber may only be where they receive mail." (Doc. 74 at 2.) Ms. Lott presented this same argument in her brief in support of her motion to suppress. (Doc. 50 at 4.) As discussed in the Magistrate Judge's Recommendation, there are several allegations which sufficiently connect Ms. Lott to 2661 Dawes Court, including the registration of her cell phone to that location and a recorded phone call to her landlord in which she confirmed her address. (Doc. 67 at 6-7.)

Next, Ms. Lott objects to the finding that "Ranson's affidavit provides details of several recorded jail calls exhibiting a drug conspiracy in which Johnnie Lott sold drugs in jail and had the proceeds sent to Carmen Lott, thereby linking the 2261 Dawes Court residence to the criminal activity." (Doc. 74, citing Doc. 67 at 7.) She argues the Magistrate Judge should not have relied on the agent's speculative interpretation of the content of the recorded calls when finding the affidavit

4

sufficiently established a reasonable basis to conclude that the Lotts were engaged in a trafficking organization at Kilby and Fountain Correctional Facilities.

The affidavit provides that Agent Ranson is a Task Force Officer of the United States Department of Justice, Drug Enforcement Administration, High Intensity Drug Trafficking Area Task Force. Prior to his employment on the Task Force, he was employed as a law enforcement officer for the Montgomery Police Department for approximately 27 years, with the majority of his career dedicated to investigating drug crimes. (Doc. 54-1.) Therefore, the affidavit provides sufficient information establishing the agent's experience regarding drug investigations. More importantly, the affidavit sets forth at length the relevant parts of the transcript of the recorded telephone conversations between the Lotts. Thus, the affidavit includes much more than the agent's own interpretation of each conversation. In the Recommendation, the Magistrate Judge referenced the specific conversations and provided extensive analysis; thus, she did not merely rely on the agent's own interpretations of the conversations as a whole. This Court finds that, as set forth in the affidavit, the pertinent part of the transcript of the recorded telephone conversations provided substantial evidence to believe that drugs and drug proceeds would be found at the residence. Thus, Ms. Lott's objections on this basis are due to be overruled.

    2. <u>The Omission</u>

Ms. Lott objects to the Magistrate Judge's finding that she is not entitled to a hearing on her motion to suppress. She argues a hearing is necessary because the affidavit omits the fact that Agent Ranson was investigating codefendant Maurice Sanders for a drug violation at Kilby Correctional Facility. The Magistrate Judge correctly noted that, although Ms. Lott requests a suppression hearing, the appropriate request is for a *Franks* hearing. As discussed in the Recommendation, there is no showing that the omitted facts would have prevented a finding of probable cause, *see United States v. Sarras*, 575 F.3d 1191, 1218 (11th Cir. 2009), nor is there any evidence demonstrating how the omission arose to the level of a deliberate falsehood or reckless disregard for the truth, *United States v. Flowers*, 531 F. App'x 975, 980 (11th Cir. 2013) (citing *Franks v. Delaware*, 438 U.S. 154, 171 (1978)). Consequently, a *Franks* hearing is not warranted.

### B. Johnnie Lott's Objections

Johnnie Lott objects to the Magistrate Judge's determination that he does not have standing to challenge the search of the residence. As discussed in the Recommendation, a person alleging an unconstitutional search must establish both a subjective expectation and an objective expectation of privacy. *United States v. Harris*, 526 F.3d 1334, 1338 (11th Cir. 2008). "'The subjective component requires that a person exhibit an actual expectation of privacy, while the objective component

requires that the privacy expectation be one that society is prepared to recognize as reasonable.'" *United States v. Segura-Baltazar*, 448 F.3d 1281, 1286 (11th Cir. 2006) (citation omitted).

Mr. Lott is an imprisoned man with a wife in the free world. He entered an Alabama Department of Corrections facility in December 2003 and married Carmen Lott on September 20, 2018. He argues that he has standing because he stored items in the home, including inside a safe. He contends that telephone recordings of him instructing his daughter to stay away from his safe and telling his wife to use the safe to store or remove items establishes that he has an expectation of privacy in the property. The problem, however, is that Mr. Lott has never physically entered or occupied the residence, nor shown that he held any legitimate or legal interest in it. As an ADOC-imprisoned inmate since 2003, he has not shown that he had an "unrestricted right of occupancy or custody and control" of the property. *See United States v. Campbell*, 434 F. App'x 805, 810 (11th Cir. 2011) (citation omitted) (distinguishing an unrestricted right of occupancy or custody and control of the premises from an occasional presence on the premises as a guest or invitee).

This Court agrees with the Magistrate Judge's finding that Mr. Lott lacks standing to challenge the search of the residence at 2661 Dawes Court. Furthermore, even if Mr. Lott had standing to challenge the search, which he does

not, his remaining objections are due to be overruled for the same reasons articulated above in connection with Ms. Lott's objections.

### III.   CONCLUSION

For the reasons as stated, the Court concludes the Motions to Suppress are due to be denied. Accordingly, it is

ORDERED as follows:

1. The Defendants' Objections (Docs. 73 and 74) are OVERRULED;

2. The Recommendation of the Magistrate Judge (Doc. 67) is ADOPTED; and

3. The Motions to Suppress (Docs. 49 and 50) are DENIED.

DONE, on this the 15th day of April, 2022.

                                          /s/ R. Austin Huffaker, Jr.
                                    R. AUSTIN HUFFAKER, JR.
                                    UNITED STATES DISTRICT JUDGE